IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| CORNERSTONE MOVE MANAGEMENT, LLC, | : | Case No. 1:24-cv-366 |
| | : | |
| | : | Judge Matthew W. McFarland |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MATT PAXTON, et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER

This matter is before the Court on Defendant and Third-Party Plaintiff Matt Paxton's Motion for Default Judgment (Doc. 25) and Plaintiff's Motion to Amend (Doc. 28.) These motions are fully briefed and ripe for review. (*See* Docs. 26, 27, 33, 34, 36.) For the following reasons, the Court **DENIES** Defendant's Motion for Default Judgment (Doc. 25) and **GRANTS** Plaintiff's Motion to Amend (Doc. 28).

I. **Motion for Default Judgment**

Federal Rule of Civil Procedure 55 governs the entries of default and default judgment. "An entry of default and a default judgment are distinct events that require separate treatment." *Ramada Franchise Sys., Inc. v. Baroda Enters., LLC*, 220 F.R.D. 303, 304 (N.D. Ohio 2004). A plaintiff seeking default judgment must first seek an entry of default from the clerk. *See* Fed. R. Civ. P. 55(a); *HBA Motors, LLC v. Brigante*, No. 1:21-CV-624, 2022 WL 18564834, at *1 (S.D. Ohio Sept. 7, 2022). At this time, Defendant Paxton's Motion for Default Judgment is premature because default has not been entered in this case.

An entry of default is appropriate when it has been sufficiently shown that "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Here, Defendant Paxton argues that this condition is met because Plaintiff and Third-Party Defendant have failed to answer or otherwise respond to Defendant Paxton's Amended Counterclaim and Third-Party Complaint. (Motion for Default Judgment, Doc. 25.) Specifically, Defendant Paxton contends that his initial Counterclaim became moot when he filed his Amended Counterclaim, and that by filing a reply in support of its motion to dismiss—as opposed to a new motion to dismiss—Plaintiff failed to defend. (*Id.*)

Generally speaking, "an amended complaint supersedes the original complaint, thus making [a] motion to dismiss the original complaint moot." *Green v. Mason*, 504 F. Supp. 3d 813, 826 (S.D. Ohio 2020) (quotation omitted). But, when "some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading." *Id.* (quoting *Yates v. Applied Performance Techs., Inc.*, 205 F.R.D. 497, 499 (S.D. Ohio 2002)). Courts are especially cognizant of not exalting form over substance when the amended complaint is "substantially identical to the original complaint." *Id.* (quoting *Mandali v. Clark*, No. 2:13-CV-1210, 2014 WL 5089423, at *2 (S.D. Ohio Oct. 9, 2014)).

The Court finds Defendant Paxton's Amended Counterclaim and Third-Party Complaint substantially similar to his original filings. (*Compare* Counterclaim, Doc. 20 *with* Am. Counterclaim, Doc. 23.) And, rather than disregarding these amendments, Plaintiff subsequently argued that the amended claims still fail for the reasons discussed

2

in its initial motion. (Reply, Doc. 24, Pg. ID 331.) Accordingly, Plaintiff has not "failed to plead or otherwise defend" itself against the Amended Counterclaim and Third-Party Complaint. *See Campinha-Bacote v. Hudson*, 627 F. App'x 508, 510 (6th Cir. 2015) (explaining that a defendant "could stand on [its] motion to dismiss when [plaintiff's] later-filed amended complaint included the same defect that prompted [the motion to dismiss]"); *Campinha-Bacote v. Kristi Hudson & Dynamic Nursing Educ.*, No. 1:14-CV-320, 2015 WL 11120336, at *1 (S.D. Ohio Feb. 18, 2015), *aff'd sub nom. Campinha-Bacote v. Hudson*, 627 F. App'x 508 (6th Cir. 2015) (declining to enter default when defendant elected to "stand on her motion to dismiss and not file an additional response to the amended complaint").

For all these reasons, the Court denies Defendant and Third-Party Plaintiff Paxton's Motion for Default Judgment (Doc. 25).

## II. Motion to Amend

Federal Rule of Civil Procedure 15(a) instructs courts to "freely give leave [to amend] when justice so requires." The liberal granting of amendments promotes the resolution of cases on their merits—not the technicalities of pleadings. *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982). In deciding a motion to amend, courts may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

3

Plaintiff seeks to amend its Complaint by adding (1) Transition Franchise Brands, LLC—an entity allegedly owned and controlled by Defendant Paxton—as a defendant, (2) factual allegations, and (3) a factual verification. (Brief for Motion to Amend, Doc. 29, Pg. ID 364.) Defendant argues that such amendments would allow Plaintiff to avoid default and cause unnecessary expense and litigation. (Response, Doc. 34, Pg. ID 545-47.)

The Court does not find that such amendments would cause undue delay or unfair prejudice to Defendants. This case is still in its early stages. Moreover, for the reasons explained above, Plaintiff is not in default as to Defendant Paxton's Counterclaim and Third-Party Complaint. And, while Defendant contends that Transition Franchise Brands should not be added as a party because it is not engaged in the business activities at the heart of this litigation (Response, Doc. 34, Pg. ID 546-47), this is disputed by the parties (Reply, Doc. 36, Pg. ID 555-56). Plaintiff also points out that it added Transition Franchise Brands because it is potentially an indispensable party. (Reply, Doc. 36, Pg. ID 555.)

For these reasons, the Court grants Plaintiff's Motion to Amend (Doc. 28) and orders Plaintiff to file its Second Amended Complaint within seven (7) days.

## CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

1. Defendant and Third-Party Plaintiff Matt Paxton's Motion for Default Judgment (Doc. 25) is **DENIED**;

2. Plaintiff's Motion to Amend (Doc. 28) is **GRANTED**; and

3. Plaintiff **SHALL FILE** its Second Amended Complaint within seven (7) days of this Order. The Second Amended Complaint must contain all of Plaintiff's

4

allegations and claims in one document, and it should not incorporate by reference the contents of any previous complaint.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF OHIO  

By: _____  
JUDGE MATTHEW W. McFARLAND