IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| CORNERSTONE MOVE MANAGEMENT, LLC, | : | Case No. 1:24-cv-366 |
| | : | |
| | : | Judge Matthew W. McFarland |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MATT PAXTON, et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER AND OPINION

This matter is before the Court on Plaintiff's Motion to Dismiss Defendant Paxton's Counterclaims and Third-Party Complaint (Doc. 21), as well as Plaintiff's Continued Motion to Dismiss Defendant Paxton's Amended Counterclaims and Third-Party Complaint (Doc. 45). This matter is fully briefed and ripe for the Court's review. (*See* Docs. 22, 24, 46-47.) For the following reasons, Plaintiff's Motion to Dismiss Defendant Paxton's Counterclaims and Third-Party Complaint (Doc. 21) is **DENIED AS MOOT**, and Plaintiff's Continued Motion to Dismiss Defendant Paxton's Amended Counterclaims and Third-Party Complaint (Doc. 45) is **GRANTED**.

## BACKGROUND

Plaintiff Cornerstone Move Management, LLC and its affiliate FirstLight Home Care ("FirstLight") are involved in a franchised business system to provide downsizing and moving services. (Second Am. Ver. Compl., Doc. 43, ¶¶ 9-12.) On July 3, 2024,

Plaintiff initiated this federal action "for breach of contract, unfair competition, theft of confidential information and trade secrets and civil conspiracy arising out of Defendants [Matt Paxton, Frank Todisco, and Kate Grondin's] attempts to start a directly competitive business using data, information, concepts, resources, work product, contacts[,] and materials that belong to [Plaintiff] and which are the subject of contracts between the parties in which the Defendants explicitly agreed they would not use for competitive purposes." (*Id.* at ¶ 1; *see also* Compl., Doc. 1.)

On March 11, 2025, Defendant Paxton filed Counterclaims against Plaintiff, as well as a Third-Party Complaint against FirstLight. (Counterclaims, Doc. 44.) Plaintiff and FirstLight ultimately responded by filing a Continued Motion to Dismiss the Counterclaims and Third-Party Complaint. (Continued Motion, Doc. 45.) Plaintiff has filed several Amended Complaints in this matter, to which Defendants have responded by refiling an Answer, Counterclaims, and Third-Party Complaint. For present purposes, the operative pleadings include Plaintiff's Second Amended Verified Complaint (Doc. 43) and Defendant Paxton's corresponding Amended Counterclaims and Third-Party Complaint (Doc. 44), which incorporate previous allegations.

Defendant Paxton brings three claims for relief. (Am. Counterclaims, Doc. 23.) His first counterclaim alleges fraudulent inducement: Plaintiff "made numerous promises and representations in order to induce Defendant . . . to engage in the business entity which is the subject of this action, and which never came to fruition." (*Id.* at ¶¶ 1-4.) As for the second counterclaim, Defendant Paxton alleges a constructive discharge based upon Plaintiff making it "impossible" for him to "discharge his duties." (*Id.* at ¶¶ 5-7.)

2

Third, Defendant Paxton alleges breach of contract. (*Id.* at ¶ 8.) Turning to Defendant Paxton's Third-Party Complaint, he alleges that FirstLight should be liable for all damages because it is an empty shell entity owned and operated by the same individuals who purport to operate Plaintiff Cornerstone. (Am. Third-Party Compl., Doc. 23, ¶¶ 1-4.)

## LAW AND ANALYSIS

A Rule 12(b)(6) motion to dismiss for failure to state a claim tests a plaintiff's cause of action as stated in a complaint. *Golden v. City of Columbus*, 404 F.3d 950, 958 (6th Cir. 2005); Fed. R. Civ. P. 12(b)(6). A claim for relief must be "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts accept all factual allegations as true and construe them in the light most favorable to the plaintiff. *Doe v. Baum*, 903 F.3d 575, 581 (6th Cir. 2018). However, courts are not bound to do the same for a complaint's legal conclusions. *Twombly*, 550 U.S. at 555. This same framework applies when evaluating whether a counterclaim sufficiently states a claim for relief. *Lewandowski v. Deters*, No. 22-CV-106, 2023 WL 6536193, at *2 (E.D. Ky. July 11, 2023) (collecting cases).

### I. Fraudulent Inducement Claim

Claims of fraud trigger a heightened pleading standard. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Malice, intent, knowledge, and other conditions of a person's mind," however, "may be alleged generally." *Id.* The Sixth Circuit has understood this mandate to mean that a plaintiff must: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v.*

3

*Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008) (quotation omitted). This particularity requirement serves the twin goals of ensuring that defendants are on notice of the alleged conduct and preventing fishing expeditions. *Republic Bank & Tr. Co. v. Bear Stearns & Co.*, 683 F.3d 239, 255 (6th Cir. 2012). At the same time, Rule 9(b) "should not be read to defeat the general policy of simplicity and flexibility in pleadings contemplated by the Federal Rules." *U.S. ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 503-04 (6th Cir. 2008) (quotation omitted).

Plaintiff contends that Defendant Paxton's fraud claim falls short of Rule 9(b)'s particularity requirements. (Motion, Doc. 22, Pg. ID 314-16; Reply, Doc. 47, Pg. ID 751-52.) At a minimum, Rule 9(b) boils down to specifying the "who, what, when, where, and how of the alleged fraud." *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) (quoting *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)).

The Court begins with the *who* question. Plaintiff emphasizes that while the Counterclaims identify three individual principals and a group of alleged misrepresentations, they fail to indicate which principal made which alleged misrepresentation. (Reply, Doc. 47, Pg. ID 751-52.) "In a fraud case with multiple defendants, Rule 9(b) requires that the plaintiff plead specific allegations as to each defendant's alleged involvement." *Sugarlips Bakery, LLC v. A&G Franchising, LLC*, No. 3:20-CV-830, 2022 WL 210135, at *10 (M.D. Tenn. Jan. 24, 2022) (quotation omitted). Defendant Paxton's fraud-based counterclaim involves allegations against a single entity—Plaintiff Cornerstone. Reading these allegations in the light most favorable to

4

Defendant Paxton, Plaintiff's three principals—Bernard Markey, William Stewart, and Glee McAnanly—all made these misrepresentations. (Am. Counterclaims, Doc. 23, ¶¶ 1-3.) Defendant Paxton has therefore pled particularity as it pertains to the identity of the speaker.

Next, the Court considers the question of *when*. As recently reaffirmed by the Sixth Circuit, a plaintiff's "failure to give even one date on which an alleged misrepresentation occurred dooms [his] ability to allege fraud with particularity." *Greer v. Strange Honey Farm, LLC*, 114 F.4th 605, 616 (6th Cir. 2024) (cleaned up). For instance, alleging that the fraudulent statements were made during "relevant times"—without identifying such relevant times in the complaint—falls short of alleging a timeframe with sufficient particularity. *See id.* Here, Defendant Paxton's pleading suffers from a similar problem because it merely alleges that the fraudulent statements were made "prior to his engagement and as an inducement to [Defendant Paxton] to engage with Plaintiff." (Am. Counterclaims, Doc. 23, ¶ 1.) Such an open-ended timeframe fails to provide Plaintiff with adequate notice. *See, e.g., Bush Truck Leasing, Inc. v. Cummins, Inc.*, No. 1:18-CV-871, 2020 WL 3871322, at *4 (S.D. Ohio July 9, 2020) (dismissing fraud claim when the plaintiff merely alleged that statements were made "during purchase negotiations"); *Vendeven v. Wyndham Vacation Resorts, Inc.*, No. 2:20-CV-56, 2021 WL 5567033, at *7 (M.D. Tenn. Nov. 29, 2021).

Additionally, as Plaintiff points out, the fraud-based counterclaim omits any indication as to *where* the alleged misrepresentations took place or the mode of communication. (Reply, Doc. 47, Pg. ID 751.) While Plaintiff's principal place of business

5

is in Cincinnati, Ohio, and Defendant Paxton resides in Georgia (Second Am. Ver. Compl., Doc. 43, ¶¶ 3-4), the Counterclaims do not suggest where or how these alleged misrepresentations materialized. *See, e.g.*, *Bush Truck Leasing, Inc.*, 2020 WL 3871322, at *4 (highlighting the lack of allegations concerning where the statements were made when the parties lived in different states); *Cole v. Harris*, No. 4:09-CV-1270, 2010 WL 11681664, at *3 (N.D. Ohio Jan. 4, 2010), *aff'd*, 444 F. App'x 888 (6th Cir. 2012) (dismissing fraud claim when plaintiffs "fail[ed] to aver when the misrepresentations were made, the location where these misrepresentations were made, or the mode or medium in which these misrepresentations were made"); *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (finding insufficient particularity as to "when and where the statement was made").

Because Defendant Paxton inadequately pleads particularity as to when, where, or the mode of the misrepresentations, his fraudulent inducement claim cannot proceed.

## II.    Constructive Discharge Claim

Turning to Defendant Paxton's second claim for relief, he incorporates his preceding allegations of misrepresentations and claims that "Plaintiff's failure to provide[ ] what it promised to provide [was] designed to and did make [Defendant Paxton's] ability to discharge his duties impossible, forcing him to separate from Plaintiff . . . and constitut[ing] constructive discharge." (Am. Counterclaims, Doc. 23, ¶¶ 5-7.) Plaintiff contends that it is unclear what type of claim Defendant Paxton is alleging and, in any event, the type of constructive discharge theory put forth has not been judicially recognized. (Motion, Doc. 22, Pg. ID 313-16; Reply, Doc. 47, Pg. ID 752-53). The Court agrees.

6

Constructive discharge is not an independent cause of action. *Starks v. New Par*, No. 98-1300, 181 F.3d 103 (Table), 1999 WL 357757, at *5 (6th Cir. 1999); *Donnelly v. Health Mgmt. Sols., Inc.*, No. 2:19-CV-5303, 2022 WL 22883109, at *3 (S.D. Ohio Feb. 8, 2022); *Leath v. Sec'y of United States Dep't of Veterans Affs.*, No. 2:23-CV-11407, 2025 WL 968896, at *6 (E.D. Mich. Mar. 31, 2025) (collecting cases); *Lucarell v. Nationwide*, 44 N.E.3d 319, 331-32 (Ohio Ct. App. 2015), *rev'd on other grounds*, 97 N.E.3d 458 (Ohio 2018). "Instead, it is a means of proving the element of an adverse employment action where the employee quits instead of being fired for an employment discrimination claim." *Donnelly*, 2022 WL 22883109, at *3 (quotation omitted); *Starks*, 1999 WL 357757, at *5 (For constructive discharge to be actionable, "there must [be] an underlying cause of action for employment discrimination."). Here, Defendant Paxton argues that he has pled constructive discharge by incorporating his fraudulent inducement allegations. (Response, Doc. 46, Pg. ID 747; Am. Counterclaims, Doc. 23, ¶ 7.) After examining the Counterclaims as a whole, the Court does not find that Defendant Paxton has alleged an employment discrimination claim. And, Defendant Paxton has not otherwise clarified how this constructive discharge theory may service a cognizable claim. Thus, the Court will dismiss this stand-alone constructive discharge claim.

### III. Breach of Contract Claim

A breach of contract involves four elements: "(1) a contract existed, (2) one party fulfilled his obligations, (3) the other party failed to fulfill his obligations, and (4) damages resulted from that failure." *Quest Workforce Sols., L.L.C. v. Job1USA, Inc.*, 75 N.E.3d 1020, 1030 (Ohio Ct. App. 2016). Plaintiff argues that Defendant Paxton has failed to allege any

7

facts that Plaintiff violated its obligations under a contract or that Defendant Paxton fulfilled his obligations under a contract. (Motion, Doc. 22, Pg. ID 317; Reply, Doc. 24, Pg. ID 330-31.) In response, the extent of Defendant Paxton's argument is that "all of the allegations of the Counterclaim, read together, fully and completely state a claim for breach of contract." (Response, Doc. 46, Pg. ID 747.)

Defendant Paxton alleges that "Plaintiff's failure to honor the promises and representations [alleged in the fraudulent inducement claim] constitute[s] a breach of contract." (Am. Counterclaims, Doc. 23, ¶ 8.) These promises included, among other things, that Defendant Paxton would receive employee benefits and equity, the company would be adequately funded, and the company would have sufficient staff. (*Id.* at ¶ 2.) Furthermore, Defendant Paxton alleges that these promises and representations "constituted contracts between Plaintiff and [Defendant] Paxton." (*Id.* at ¶ 6.) Though Defendant Paxton alleges that Plaintiff failed to fulfill its promises and representations, he does not specify his obligations under the purported contract or that he fulfilled such obligations. "To properly state a claim for breach of contract, the plaintiff must allege," among the other elements, that "the nonbreaching party performed his or her contractual obligations." *Best Motors, L.L.C. v. Kaba*, Nos. 113437, 114145, 2025 WL 662466, at *6 (Ohio Ct. App. Feb. 27, 2025); *see also Rachells v. Cingular Wireless*, 483 F. Supp. 2d 583, 590 (N.D. Ohio 2007); *Vendeven*, 2021 WL 5567033, at *9; *Lewandowski*, 2023 WL 6536193, at *2. Thus, Defendant Paxton has not plausibly pled a breach of contract claim.

8

### IV. Alter Ego

Defendant Paxton's Third-Party Complaint seeks to hold FirstLight liable for "all the damages to which he is entitled by reason of his Counterclaims." (Am. Third-Party Compl., Doc. 23, ¶ 4.) Plaintiff argues that the Third-Party Complaint fails to specify the precise claim against FirstLight. (Reply, Doc. 24, Pg. ID 331). It appears that Defendant Paxton attempts to allege each of the three counterclaims against FirstLight through an alter ego theory. However, as each of these claims fail for the reasons explained above, the Court finds that the Third-Party Complaint also fails to state a claim.

### V. Leave to Amend

In the event the Court finds pleading inadequacies, Defendant Paxton seeks leave to amend his Counterclaims and Third-Party Complaint. (Response, Doc. 46, Pg. ID 748.) However, Defendant Paxton does not provide any proposed amendments. "The problem with the lack of a motion or proposed amendment is that without viewing the proposed amendment, it is impossible for the district court to determine whether leave to amend should [be] granted." *United States ex rel. Harper v. Muskingum Watershed Conservancy Dist.*, 739 F. App'x 330, 335 (6th Cir. 2018) (cleaned up); *see also Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014) ("A request for leave to amend almost as an aside to the district court in a memorandum in opposition to the defendant's motion to dismiss is not a motion to amend.") (cleaned up). Thus, the Court cannot currently determine whether amendment would be proper. At the same time, however, "[d]ismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." *Newberry*

9

*v. Silverman*, 789 F.3d 636, 646 (6th Cir. 2015) (quotation omitted); *see also Brown v. Matauszak*, 415 F. App'x 608, 614 (6th Cir. 2011).

Accordingly, if Defendant Paxton desires to amend his Counterclaims and Third-Party Complaint, he shall file a motion to amend—along with the proposed amended pleadings—within twenty-one (21) days of this Order. *See Barnett v. Kroger Co.*, No. 1:22-CV-544, 2023 WL 5899836, at *6 (S.D. Ohio Sept. 11, 2023).

## CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

(1) Plaintiff's Motion to Dismiss Defendant Paxton's Counterclaims and Third-Party Complaint (Doc. 21) is **DENIED AS MOOT**;

(2) Plaintiff's Continued Motion to Dismiss Defendant Paxton's Amended Counterclaims and Third-Party Complaint (Doc. 45) is **GRANTED**;

(3) Defendant Paxton's Counterclaims and Third-Party Complaint are **DISMISSED WITHOUT PREJUDICE**; and

(4) To the extent Defendant Paxton desires to amend his Counterclaims and Third-Party Complaint, he **SHALL FILE** a motion to amend—along with the proposed amended pleadings—within twenty-one (21) days of this Order.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
By: _____
JUDGE MATTHEW W. McFARLAND