IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| CORNERSTONE MOVE MANAGEMENT, LLC, | : | Case No. 1:24-cv-366 |
| | : | |
| | : | Judge Matthew W. McFarland |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MATT PAXTON, et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. 55). Defendants filed a Response in Opposition (Doc. 57), to which Plaintiff filed a Reply in Support (Doc. 59). For the following reasons, the Court **GRANTS** Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. 55).

Federal Rule of Civil Procedure 15(a) instructs courts to "freely give leave [to amend] when justice so requires." The liberal granting of amendments promotes the resolution of cases on their merits—not the technicalities of pleadings. *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982). In deciding a motion to amend, courts may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Similarly, Federal Rule of Civil Procedure 15(d) provides: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." While supplemental pleadings, rather than amended pleadings, are meant to cover matters arising after the original complaint was filed, the standard for granting leave to supplement is identical to the standard governing leave to amend under Rule 15(a). *See Murphy v. Grenier*, No. 07-CV-15248, 2009 WL 1044832, at *19 (E.D. Mich. Apr. 20, 2009), *aff'd*, 406 F. App'x 972 (6th Cir. 2011) (citing *Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002)); *Goldman v. Elum*, No. 2:19-CV-10390, 2019 WL 3289819, at *5 (E.D. Mich. July 22, 2019).

Plaintiff seeks to amend its Complaint by adding (1) its parent company Cornerstone Franchise Group, LLC as an additional plaintiff, (2) Clutter Cleaner, LLC as another defendant; and (3) further factual allegations related to the claims previously raised. (Brief for Motion to Amend, Doc. 56, Pg. ID 808.) Specifically, the proposed Third Amended Complaint would allege that Plaintiff Cornerstone Move Management, LLC assigned its rights under the Employment Agreement and Confidentiality Agreement involving Defendant Matt Paxton to Cornerstone Franchise Group, LLC. (Proposed Third Am. Compl., Doc. 56-1, ¶¶ 3-4, 98.) These assignments were allegedly effectuated on June 30, 2025—nearly one year after this federal suit was initiated. (Assignments, Docs. 56-4, 56-5, Pg. ID 899-903.) Plaintiff argues that Cornerstone Franchise Group should be added as a real party in interest in relation to the Employment and Confidentiality Agreements. (Brief for Motion to Amend, Doc. 56, Pg. ID 810.) Notably, the proposed Third Amended

2

Complaint would still allege that Plaintiff is entitled to relief for claims related to the Operating Agreement and Nondisclosure Agreement. (Proposed Am. Compl., Doc. 56-1, ¶¶ 103, 108, 120, 135, 147.)

As for the new proposed defendant, Plaintiff would allege that Clutter Cleaner, LLC is owned by Defendant Matt Paxton and is affiliated with another one of Defendant Paxton's companies. (Proposed Third Am. Compl., Doc. 56-1, ¶¶ 8-9.) Defendants are allegedly using Clutter Cleaner to franchise their competing concept of decluttering services. (*Id.* at ¶¶ 84, 88, 115, 120-25, 148-52.) Plaintiff asserts that "discovery has revealed that Clutter Cleaner is the primary entity through which Defendants are using Cornerstone and Cornerstone Franchise Group's confidential and trade secret information to develop a directly competing franchise brand." (Brief for Motion to Amend, Doc. 56, Pg. ID 810; Proposed Third Am. Compl., Doc. 56-1, ¶ 84.) As courts have recognized, proposed amendments may be appropriate when they are "based on new information learned during discovery." *Union Ins. Co. v. Delta Casket Co., Inc.*, No. 06-CV-2090, 2009 WL 10664832, at *4 (W.D. Tenn. July 9, 2009); *see also Meza v. Merritt River Partners LLC*, No. 3:16-CV-1871, 2020 WL 5201007, at *2 (D. Conn. Sept. 1, 2020); *Am. Med. Ass'n v. United Healthcare Corp.*, 2006 WL 3833440, at *4 (S.D.N.Y. Dec. 29, 2006).

Defendants bring several arguments in opposition to Plaintiff's request for leave to amend. First, Defendants argue that the proposed Third Amended Complaint fails to provide supporting exhibits that Cornerstone Franchise Group is in fact Plaintiff's parent company or the assignee of the pertinent rights. (Response, Doc. 57, Pg. ID 1110-1111.) As Plaintiff points out, however, the present inquiry is whether the proposed

3

amendments would be futile for failing to plausibly state a claim. A complaint need not necessarily include exhibits or evidence, as long as it satisfies the plausibility standard. *See Bright v. Brookdale Senior Living, Inc.*, No. 3:19-CV-374, 2020 WL 12893925, at *5 (M.D. Tenn. Apr. 6, 2020); *Acosta v. Min & Kim, Inc.*, 919 F.3d 361, 367 (6th Cir. 2019) ("A well-pleaded complaint need not include detailed factual matter or supporting evidence.") Here, the proposed Third Amended Complaint plausibly alleges that Plaintiff assigned certain rights to its parent company — Cornerstone Franchise Company. (Proposed Third Am. Compl., Doc. 56-1, ¶ 3-4, 98; Assignments, Docs. 56-4, 56-5, Pg. ID 899-903.)

Next, the Court turns to the question of potential prejudice. "To deny a motion to amend, a court must find at least some significant showing of prejudice to the opponent." *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (quotation omitted). "Ordinarily, delay alone . . . does not justify denial of leave to amend." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). Defendants contend that allowing these amendments would cause unfair prejudice because some discovery has already been completed. (Response, Doc. 57, Pg. ID 1111.) This case is still in its early stages. Although the parties have engaged in limited discovery for purposes of a since-withdrawn motion for preliminary injunction, the Court has not yet held a scheduling conference or set a calendar order. Granting Plaintiff leave to amend does not pose a risk of undue prejudice to Defendants.

Finally, Defendants contest some of the allegations in the proposed Third Amended Complaint and suggest that Plaintiff's proposed amendments have been made in bad faith or with dilatory motive. (Response, Doc. 56, Pg. ID 1110-12.) Based on the

4

record and the proposed allegations, the Court does not reach the same conclusion. Thus, the Court finds it appropriate to grant Plaintiff's motion for leave to amend.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. 55) is **GRANTED**. Plaintiff **SHALL FILE** its Third Amended Complaint within seven (7) days of this Order. The Third Amended Complaint must contain all of Plaintiff's allegations and claims in one document, and it should not incorporate by reference the contents of any previous complaint.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND