IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| CORNERSTONE MOVE MANAGEMENT, LLC, et al., | : : | Case No. 1:24-cv-366 |
| | : | Judge Matthew W. McFarland |
| Plaintiffs, | : : | |
| v. | : : | |
| MATT PAXTON, et al., | : : | |
| Defendants. | : | |

## ORDER AND OPINION

This matter is before the Court on Defendant Matt Paxton's Motion for Leave to File Amended Counterclaim and Third-Party Complaint (Doc. 60). Plaintiffs filed a Response in Opposition (Doc. 61), to which Paxton filed a Reply in Support (Doc. 66). For the following reasons, the Court **GRANTS** Paxton's Motion for Leave to File Amended Counterclaim and Third-Party Complaint (Doc. 60). The Court also **GRANTS** the parties' Joint Motion to Strike Incorporation by Reference of Pending Counterclaims and Third-Party Claims (Doc. 68).

## BACKGROUND

Plaintiffs Cornerstone Move Management, LLC, and Cornerstone Franchise Group, LLC, are involved in a franchised business system to provide downsizing and moving services. (Third Am. Compl., Doc. 64, ¶¶ 13-14.) The operative Third Amended Complaint alleges that Defendants Matt Paxton, Frank Todisco, Kate Grondin, Transition

Franchise Brands, LLC, and Clutter Cleaner, LLC, have "attempt[ed] to start a directly competitive business using data, information, concepts, resources, work product, contacts and materials that belong to [Plaintiffs]." (*Id.* at ¶ 1.) Specifically, Plaintiffs bring claims against Paxton for breach of contract, civil conspiracy, as well as misappropriation of confidential information and trade secrets. (*Id.* at ¶¶ 100-06, 119-45.) Paxton initially responded to Plaintiff's First Amended Complaint (Doc. 19) by filing a Counterclaim against Cornerstone Move Management, LLC, and a Third-Party Complaint against First Light Home Care Franchising, LLC ("First Light"). (Counterclaim, Doc. 20.)

On August 19, 2025, the Court granted Plaintiff Cornerstone Move Management, LLC, and Third-Party Defendant First Light's Motion to Dismiss Paxton's Amended Counterclaim and Third-Party Complaint. (Order, Doc. 58.) This dismissal was without prejudice, and the Court permitted Paxton to file a motion to amend his pleading within twenty-one days. (*Id.*) Paxton then filed a Motion for Leave to File Amended Counterclaim and Third-Party Complaint (Doc. 60), which has been fully briefed. (*See* Response, Doc. 61; Reply, Doc. 66.) Paxton seeks to bring claims for fraudulent inducement and breach of contract. (Proposed Counterclaim, Doc. 60.) Plaintiffs contend that leave to amend should be denied in toto. (Response, Doc. 61.)

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 15(a) instructs courts to "freely give leave [to amend] when justice so requires." The liberal granting of amendments promotes the resolution of cases on their merits — not the technicalities of pleadings. *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982). In deciding a motion to amend, courts may consider factors

2

such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

It is futile to amend a complaint "when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005). A Rule 12(b)(6) motion to dismiss for failure to state a claim tests a plaintiff's cause of action as stated in a complaint. *Golden v. City of Columbus*, 404 F.3d 950, 958 (6th Cir. 2005); Fed. R. Civ. P. 12(b)(6). A claim for relief must be "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts accept factual allegations as true and construe them in the light most favorable to the plaintiff. *Doe v. Baum*, 903 F.3d 575, 581 (6th Cir. 2018). However, courts are not bound to do the same for a complaint's legal conclusions. *Twombly*, 550 U.S. at 555. This same framework applies when evaluating whether a counterclaim sufficiently states a claim for relief. *Lewandowski v. Deters*, No. 22-CV-106, 2023 WL 6536193, at *2 (E.D. Ky. July 11, 2023) (collecting cases).

### I.    Fraudulent Inducement Claim

Plaintiffs first contend that Paxton's fraudulent inducement amendments fail to state a claim because they are duplicative with his breach of contract claim. (Response, Doc. 61, Pg. ID 1144-45.) "Although Ohio law generally prohibits tort actions arising out of contract claims, a party may, under certain circumstances, simultaneously sustain a claim for breach of contract and fraudulent inducement." *Boulder Healthcare, LLC v. Boulder FG Holdings LLC*, No. 1:20-CV-2171, 2023 WL 2772347, at *4 (N.D. Ohio Mar. 8,

2023) (quotation omitted). "A party may do so if the following two requirements are met: (1) if the breaching party also breaches a duty owed separately from that created by the contract, that is, a duty owed even if no contract existed, and (2) the fraud action must include actual damages attributable to the wrongful acts of the alleged tortfeasor which are *in addition* to those attributable to the breach." *Id.* (quotation omitted). Simply put, "Ohio courts have held that fraudulent inducement claims, based on a party's intent not to perform their terms at the time of contracting, are viable." *Res. Title Agency, Inc. v. Morreale Real Est. Servs., Inc.,* 314 F. Supp. 2d 763, 774 (N.D. Ohio 2004); *see also Aero Fulfillment Servs. Corp. v. Oracle Corp.,* 186 F. Supp. 3d 764, 774 (S.D. Ohio 2016) (emphasizing that a fraudulent inducement claim is not invariably transformed into one for breach of contract because it relates to contractual duties).

Paxton alleges that three of Plaintiffs' principals fraudulently induced him to participate in Plaintiffs' business venture with the intent of never fulfilling numerous misrepresentations. (Proposed Counterclaim, Doc. 60, Pg. ID 1132-35.) These alleged misrepresentations include, *inter alia,* conveying to Paxton that he would receive employee benefits, equity, and adequate funding for the enterprise. (*Id.* at Pg. ID 1133.) Additionally, the parties purportedly agreed to a "term sheet" that included even more promises. (*Id.* at Pg. ID 1133-34.) Relying upon these representations, Paxton allegedly entered into employment agreements with Plaintiffs. (*Id.* at Pg. ID 1135.)

Plaintiffs contend that Paxton's fraudulent inducement claim falls short since it is "entirely rooted in the parties' alleged contracts." (Response, Doc. 61, Pg. ID 1144.) Specifically, Plaintiffs point out that Paxton's breach of contract claim includes the

following line: "The representations of Plaintiff that it would do the things described above, in addition to being the basis of fraudulent inducement, also were terms and conditions of the contracts between Plaintiff and Paxton." (Proposed Counterclaim, Doc. 60, Pg. ID 1136; Response, Doc. 61, Pg. ID 1144.) Paxton counters that there are several different contracts and misrepresentations at play in this matter. (Reply, Doc. 66, Pg. ID 1445-47.) In addressing this matter, the Court is cognizant that district courts regularly find the duplicity question better resolved during later stages of litigation. *See, e.g., Cunningham Prop. Mgmt. Tr. v. Ascent Res. - Utica, LLC,* 351 F. Supp. 3d 1056, 1067 (S.D. Ohio 2018); *Lebo v. Impac Funding Corp.,* 5:11-CV-1857, 2012 WL 630046, at *6 (N.D. Ohio Feb. 8, 2012), *report and recommendation adopted,* 5:11-CV-1857, 2012 WL 630049 (N.D. Ohio Feb. 27, 2012); *Price v. Gulfport Energy Corp.,* No. 2:20-CV-1057, 2020 WL 5433683, at *2 (S.D. Ohio Sept. 10, 2020); *Eggert Agency, Inc. v. NA Mgmt. Corp.,* No. 07-CV-1011, 2008 WL 3474148, at *7 (S.D. Ohio Aug. 12, 2008); *SASC, LLC v. Sch. Supply Connection, Inc.,* No. 3:23-CV-83, 2024 WL 3849424, at *6 (S.D. Ohio Aug. 15, 2024). Thus, viewing the proposed allegations in the light most favorable to Paxton, the Court will allow such amendment at this juncture.

Plaintiffs also argue that the proposed amendments lack sufficient particularity. (Response, Doc. 61, Pg. ID 1145-46.) "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Malice, intent, knowledge, and other conditions of a person's mind," however, "may be alleged generally." *Id.* The Sixth Circuit has understood this mandate to mean that a plaintiff must: "(1) specify the statements that the plaintiff contends were fraudulent, (2)

identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008) (quotation omitted). Rule 9(b) boils down to specifying the "'who, what, when, where, and how' of the alleged fraud." *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) (quoting *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)). At the same time, Rule 9(b) "should not be read to defeat the general policy of simplicity and flexibility in pleadings contemplated by the Federal Rules." *U.S. ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 503 (6th Cir. 2008) (quotation omitted).

Namely, Plaintiffs assert that the amendments still lack sufficiency as to when the alleged misrepresentations were made. (Response, Doc. 61, Pg. ID 1145-46.) However, Paxton now alleges that "approximately October 2022" marks the relevant timeframe. (Proposed Counterclaim, Doc. 60, ¶¶ 3-4.) This provides a degree of temporal anchoring. Additionally, Paxton now alleges that the principals made the misrepresentations "during in person meetings in Cincinnati and Atlanta as well as by telephone." (*Id.* at ¶ 4.) Accordingly, the Court will permit Paxton to file his Amended Counterclaim as to his fraudulent misrepresentation claim. *See Aero Fulfillment Servs.*, 186 F. Supp. 3d at 777.

## II.     Breach of Contract Claim

Next, Plaintiffs argue that Paxton's proposed claim for breach of contract is futile. (Response, Doc. 61, Pg. ID 1146-49.) A claim for breach of contract under Ohio law involves four elements: "(1) a contract existed, (2) one party fulfilled his obligations, (3) the other party failed to fulfill his obligations, and (4) damages resulted from that failure."

6

*Quest Workforce Sols., L.L.C. v. Job1USA, Inc.*, 75 N.E.3d 1020, 1030 (Ohio Ct. App. 2016) (quotation omitted). "To properly state a claim for breach of contract, the plaintiff must allege," among the other elements, that "the nonbreaching party performed his or her contractual obligations." *Best Motors, L.L.C. v. Kaba*, Nos. 113437, 114145, 2025 WL 662466, at *6 (Ohio Ct. App. Feb. 27, 2025).

Though Plaintiffs maintain that Paxton's allegations miss the mark, the Court will allow Paxton to file his amended breach-of-contract claim. Unlike the prior Counterclaim, the Proposed Amended Counterclaim includes allegations that Paxton "fulfilled all of his obligations to Plaintiff during the duration of his relationship with same to the best of his ability." (Proposed Counterclaim, Doc. 60, ¶ 10.) Viewing this allegation within the totality of the allegations, including Paxton "join[ing] the enterprise and contribut[ing] his considerable expertise," the Court is unpersuaded by Plaintiffs' arguments. (*Id.* at ¶¶ 1, 6.) *See DG Gas, LLC v. TA Franchise Sys. LLC*, No. 1:24-CV-1002, 2025 WL 814928, at *44 (N.D. Ohio Mar. 14, 2025) (emphasizing the importance of viewing the complaint as a whole when assessing the plausibility of claims under the Rule 12(b)(6) standard).

Plaintiffs further argue that Paxton's contractual allegations lack enforceability because the Employment Agreement and Operating Agreement supersede the term sheet and any other oral or written agreements. (Response, Doc. 61, Pg. ID 1148-49.) Paxton responds by explaining that the Operating Agreement's integration language only covers "the subject matter hereof" and that his allegations fall "outside the subject matter of those written contracts." (Reply, Doc. 66, Pg. ID 1145-46; *see also* Employment Agreement, Doc. 64-1, Pg. ID 1205.) When deemed binding, "integrated agreements discharge prior

7

inconsistent agreements and discharge prior agreements that are within the scope of the integrated agreement." *Edwards v. Thomas H. Lurie & Assocs.*, No. 94APE01-21, 1995 WL 12126, at \*2 (Ohio Ct. App. Jan. 12, 1995). That being said, "the determination [of] whether a prior agreement is within the scope of the integration requires evaluation of all relevant evidence and a [motion to dismiss] is generally not well suited as a vehicle for such process." *Id.*; *see also Snyder Dev. Co. v. AutoZone, Inc.*, No. 2:18-CV-1274, 2019 WL 3779881, at \*3 (S.D. Ohio Aug. 12, 2019) (similar); *Stickney v. United Ins. Grp. Agency, Inc.*, No. 3:13-CV-235, 2014 WL 310045, at \*4 (S.D. Ohio Jan. 28, 2014). Upon review, the Court permits Paxton to file his amended claim for breach of contract at this time.

### III. Alter Ego

Plaintiffs also object to Paxton filing his proposed Amended Third-Party Complaint. (Response, Doc. 61, Pg. ID 1149.) As recognized by Ohio courts, "alter ego liability is a remedy, not an independent cause of action," so "there can be no 'claim' for alter ego liability." *Graham v. City of Lakewood*, 113 N.E.3d 44, 58 (Ohio Ct. App. 2018). Here, Paxton alleges that Plaintiff was "an empty shell entity that had no separate identity of its own" apart from First Light. (Proposed Third-Party Compl., Doc. 60, Pg. ID 1136-37.) Additionally, it appears that Paxton seeks to hold First Light liable for the same aforementioned causes of action alleged against Plaintiff. (*See id.* (alleging that "by reason of same First Light is obligated to Paxton for all the damages to which he is entitled by reason of his Counterclaims")). *See Hitachi Med. Sys. Am., Inc. v. Branch*, No. 5:09-CV-1575, 2010 WL 3941824, at \*6 (N.D. Ohio Sept. 14, 2010), *report and recommendation adopted*, No. 5:09-CV-1575, 2010 WL 3941912 (N.D. Ohio Oct. 7, 2010) (explaining that several of the

8

plaintiff's claims can be viewed as seeking to impose liability under the alter ego theory "as a part of a viable cause of action, such as fraudulent transfer"); *In re Lorenz*, No. 09-31913, 2011 WL 13281776, at *12 (Bankr. S.D. Ohio Mar. 8, 2011). The Court previously dismissed the Third-Party Complaint against First Light without prejudice because it dismissed the underlying claims without prejudice. (*See* Order, Doc. 58, Pg. ID 1122.) In light of the foregoing reasons, the Court permits Paxton to file his Third-Party Complaint.

## IV.    Joint Motion to Strike

One matter remains. The parties jointly request the Court to strike Paxton's incorporation of the proposed Amended Counterclaim and Third-Party Complaint within Paxton's operative Answer. (Motion, Doc. 68; *see also* Answer, Doc. 67, Pg. ID 1452.) In support of this joint request, the parties agree that such incorporation was not warranted at the time because the proposed Amended Counterclaim and Third-Party Complaint were not operative pleadings. (Motion, Doc. 68, Pg. ID 1455 (citing Fed. R. Civ. P. 10(c)).) Upon review, the Court grants this joint motion and strikes Paxton's Counterclaim and Third-Party Complaint language of incorporation within the Answer. (Answer, Doc. 67, Pg. ID 1452.) Paxton shall file an Amended Answer to account for the filing of his Counterclaim and Third-Party Complaint within seven days.

## CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

1) Matt Paxton's Motion for Leave to File Amended Counterclaim and Third-Party Complaint (Doc. 60) is **GRANTED**. Paxton **SHALL FILE** his Amended Counterclaim and Third-Party Complaint within seven (7) days of this Order.

2) The parties' Joint Motion to Strike Incorporation by Reference of Pending Counterclaims and Third-Party Claims (Doc. 68) is **GRANTED**. The Court hereby **STRIKES** Paxton's Counterclaim and Third-Party Complaint language within the Answer. (*See* Answer, Doc. 67, Pg. ID 1452.) Paxton **SHALL FILE** an Amended Answer to account for the filing of his Counterclaim and Third-Party Complaint within seven (7) days of this Order.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND